UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE CHAVIS,

                              Plaintiff,          9:20-CV-0435
                                                    (DNH/CFH)
    v.

DEBORAH MCCULLOCH, et al.,

                              Defendants.
_____

APPEARANCES:

GEORGE CHAVIS
91-A-3261
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I.  INTRODUCTION**

      On April 15, 2020, pro se plaintiff George Chavis ("Chavis" or "plaintiff") commenced this action by filing a Complaint.  Dkt. No. 1.

      On April 16, 2020, the Court issued an Order administratively closing Chavis's action due to plaintiff's failure to comply with the filing fee requirements.  Dkt. No. 3 (the "April Order").  At that time, plaintiff was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of $400.00 in full, or (2) submit a completed, signed and properly certified application to proceed in forma pauperis ("IFP Application") and signed Inmate Authorization Form within thirty (30) days of the filing date of that

Order.  *See id.*

On May 27, 2020, Chavis filed an IFP Application, Dkt. No. 4, and the Clerk of the Court reopened the case and restored it to the Court's active docket for consideration of the new filing.

## II. DISCUSSION

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced, unless an IFP Application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).

The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides in pertinent part that an IFP Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

In accordance with Local Rule 5.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application as well as the authorization form issued by the Clerk's Office.  N.D.N.Y.L.R. 5.4(b)(1)(A).[1]  Local Rule 5.4 further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is

---

[1] A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility.  The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

2

required, "the Court shall dismiss the action."  N.D.N.Y.L.R. 5.4(b)(2)(A).[2]

Upon review, the Court finds that the IFP Application was completed, signed by Chavis, and certified by an authorized officer of Clinton Correctional Facility.  *See* Dkt. No. 4 at 2.  However, plaintiff has not provided the Court with the authorization form issued by the Clerk's Office pursuant to the Local Rules of Practice of this District.  Therefore, the Court hereby orders plaintiff to submit either the full filing fee or the attached authorization form.  *See* L.R. 5.4(b).

In light of Chavis's pro se status, the Court will afford him a **final** opportunity to comply with the filing fee requirements for this action.  If plaintiff fails to timely comply, this action will be dismissed without prejudice without further Order of the Court.

## III.  CONCLUSION

Therefore, it is

ORDERED that

1.  Plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the $400.00 filing fee in full, or (2) provide the Clerk with a signed authorization form consenting to pay the full filing fee in installments as directed herein;

2.  In the event Plaintiff fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court**;

3.  Upon Plaintiff's compliance with this Decision and Order, the file shall be returned

---

[2] Upon compliance with the filing fee requirements, the Court must consider Plaintiff's IFP Application in light of the three-strikes provision of 28 U.S.C. § 1915(g) and, if appropriate, review the Complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

to the Court for further review; and

    4. The Clerk shall serve a copy of this Decision and Order on Plaintiff together with a blank Inmate Authorization Form.

    IT IS SO ORDERED.

Dated: June 18, 2020
       Utica, New York.

_____
United States District Judge