UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE CHAVIS,

                        Plaintiff,

  v.                                                      9:20-CV-0435
                                                              (DNH/CFH)

DEBORAH MCCULLOCH, Executive
Director of CNYPC, et al.

                        Defendants.

---

APPEARANCES:

GEORGE CHAVIS
91-A-3261
Plaintiff, pro se
Clinton Correctional Facility
P.O. 2000
Dannemora, NY 12929

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

      This is an initial review of a civil complaint filed by pro se plaintiff George Chavis ("Chavis" or "plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff has not paid the filing fee required for this action and seeks to proceed in forma pauperis. Dkt. No. 4 ("IFP Application").

## II. DISCUSSION

      Where, as here, a plaintiff seeks leave to proceed in forma pauperis, the reviewing

1

Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of four hundred dollars ($400).

In addition, the Court must also determine whether the three strikes provision of Section 1915(g) bars the plaintiff from proceeding in forma pauperis and without prepayment of the filing fee.  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Finally, if the plaintiff is indigent and not barred by Section 1915(g), the reviewing court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

Chavis has demonstrated sufficient economic need and has filed the inmate authorization form required in the Northern District of New York.  *See* Dkt. Nos. 4, 7. Accordingly, the Court must determine whether plaintiff has three strikes and, if so, whether he is entitled to invoke the imminent danger exception to that rule.  *See* 28 U.S.C. 1915(g).

### A. Determination of Strikes

As an initial matter, a court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g).  Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner–plaintiff

delivered his complaint to a prison guard for mailing. In turn, that date of delivery to a prison guard is ordinarily presumed to be the date that the complaint was signed. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The Complaint was signed on March 12, 2019. *See* Compl. at 39. But it contains facts related incidents that allegedly occurred between 2017 and March 2020, <u>after</u> Chavis signed the Complaint. *See id*. at 28, 30, 33, 35, 38. At the time Chavis signed the Complaint, he was confined at Marcy Correctional Facility ("Marcy C.F.").[1] However, the envelope containing the Complaint was postmarked April 13, 2020 from Clinton C.F. *See id.* at 41.

Given the lengthy gap between the date the Complaint was signed and the date it was filed with the Court, the inclusion of facts post-dating Chavis' signature, and absent any explanation from Chavis, it is not appropriate to apply the prison mailbox rule. Thus, for the purposes of this review, Chavis "brought" this action on April 15, 2020. *Womack v. Baughman*, No. 2:17-CV-2708, 2020 WL 898229, at *4, n. 5 (E.D. Cal. Feb. 25, 2020) (refusing to apply "prison mailbox rule" due to 52 day gap between signing and filing and no proof of service); *see also Inesti v. Hagan*, No. 11 Civ. 2596, 2012 WL 3822224, at *3 (S.D.N.Y. Sept. 4, 2020) (refusing to apply the "prison mailbox rule" where the original complaint was signed April 20, 2010, the envelope was postmarked April 7, 2011, and the plaintiff did not specify when he gave his complaint to prison officials for delivery to the

---

[1] Chavis indicated that he was confined at "Elmira State Prison" when he filed the Complaint *See* Compl. at 2. However, in submissions filed by plaintiff in other lawsuits, he claimed that he was confined at Marcy C.F. on March 12, 2019. *See Chavis v. Skretny*, No. 1:19-CV-181, Dkt. Nos. 5, 6 (W.D.N.Y. Mar. 20, 2019) (correspondence dated March 12, 2019); *Chavis v. Roth*, No. 1:19-CV-1638, Dkt. No. 6 (W.D.N.Y. Mar. 21, 2019). Additionally, the body of the Complaint includes allegations related to incidents on or around March 2019 that involve plaintiff's confinement at Marcy C.F. Compl. at 25-27.

3

court); *see Smolen v. Berbary,* No. 08-CV-6144, 2011 WL 5978926, at *3 (W.D.N.Y. Nov. 29, 2011) (examining the envelope used to mail the complaint to assist in determining the exact date of filing).

Since 1999, Chavis has filed twenty-eight civil rights actions in district courts in this Circuit and eleven appeals to the Second Circuit.[2] A review of Chavis' litigation history reveals that the three strikes rule set forth in Section 1915(g) has been enforced against plaintiff beginning in 2007.[3] *Chavis v. VonHagan, et al.*, No. 1:07-CV-653, Dkt. No. 3 (W.D.N.Y. Oct. 29, 2007) (finding that the plaintiff had at least five civil actions or appeals dismissed for strike reasons); *Chavis v. Curlee*, No. 9:06-CV-0049 (LEK/GHL), 2008 WL 508694, at *2 (N.D.N.Y. Feb. 21, 2008) (finding that the plaintiff had acquired at least three strikes prior to September 12, 2005); *Chavis v. Elliott, et al.*, No. 1:07-CV-600, Dkt. No. 3 (W.D.N.Y. Apr. 18, 2008) (finding that the plaintiff had at least three civil actions or appeals dismissed for strike reasons); *Chavis v. Chappius, et. al.,* No. 1:06-CV-543, Dkt. No. 4 (W.D.N.Y. Oct. 24, 2006) (finding that the plaintiff had three strikes), *rev'd on other grounds, Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010);[4] *Chavis v. Muhammad, et al.*, No. 1:10-CV-391, Dkt. No. 3 (W.D.N.Y. May 26, 2010); *Chavis v. Snow*, No. 9:10-CV-0667 (FJS/RFT), Dkt. No. 4 (N.D.N.Y. Oct. 12, 2010) (finding that the plaintiff had three strikes); *Chavis v. Parmiter*, No. 9:12-CV-1832 (NAM/DEP), Dkt. No. 4 (N.D.N.Y. April 2, 2013)

---

[2] Chavis' litigation history is available for review using the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgibin/dquery.pl> (last visited August 14, 2020).

[3] *See* Footnote 2, *supra*.

[4] Although the District Court decision was reversed for other reasons, the Second Circuit stated that "that the District Court rightly concluded that Chavis had three strikes." *Chavis*, 618 F.3d at 169.

4

(finding that the plaintiff had three strikes); *Chavis v. Thayer, et al.*, No. 1:13-CV-4486, Dkt. No. 4 (S.D.N.Y. Sept. 4, 2013); *Chavis v. Izquierdo, et al.*, No. 1:13-CV-4837, Dkt. No. 3 (S.D.N.Y. Sept. 4, 2013); *Chavis v. Lilly, et. al.*, No. 1:14-CV-5163, Dkt. No. 4 (S.D.N.Y. Sept. 4, 2014); *Chavis v. Onifen, et al.*, No. 1:13-CV-247, Dkt. No. 4 (W.D.N.Y. Sept. 17, 2014); *Chavis v. Schroeder, et al.*, No 1:14-CV-146, Dkt. No. 7 (W.D.N.Y. Dec. 4, 2014); *Chavis v. Preska, et al.*, No. 1:15-CV-253, Dkt. No. 4 (S.D.N.Y. Feb. 18, 2015); *Chavis v. Kirkpatrick, et al.,* No. 9:17-CV-1089 (GTS/DEP), Dkt. No. 14 (N.D.N.Y. Aug. 14, 2018) (revoking IFP status based upon three strikes rule); *Chavis v. Roth, et al.*, No 1:19-CV-1638, Dkt. No. 4 (S.D.N.Y. Mar. 18, 2019) ; *Chavis. Skretny, et al.*, No. 1:19-CV-0181, Dkt. No. 9 (W.D.N.Y. May 22, 2019).[5]

## B.  The "Imminent Danger" Exception

Notably, however, Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).

Importantly, though section 1915(g) allows a three-strikes litigant to proceed in forma

---

[5]     Even if the Court applied the "prison mailbox rule" and considered the Complaint filed in March 2019, Chavis had acquired three strikes by that date.

pauperis only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296.  In deciding whether such a nexus exists, the Second Circuit has instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.

Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [the plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment."  *Chavis*, 618 F.3d at 165.  Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed in forma pauperis, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm.  *Malik*, 293 F.3d at 562–63.

The term "serious physical injury" in section 1915(g) is not defined.  However, the Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Chavis*, 618 F.3d at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

"[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 169-70. Thus, "[a] court may find that a complaint does

6

not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id*. (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

In his Complaint, plaintiff asserts claims arising out of his confinement: (1) at Clinton Correctional Facility ("Clinton C.F.") from September 2017 through November 2017; (2) at the Central New York Psychiatric Center ("CNYPC") in 2017; (3) at Marcy Correctional Facility ("Marcy C.F.") in 2018 and 2019; and (4) at Clinton C.F. from June 2019 until March 2020.[6]  *See generally* Compl.  Chavis is "undoubtedly well-versed in the caselaw surrounding § 1915(g)," and thus, he included the words "imminent danger" in the Complaint. *See Chavis v. Kirkpatrick, et al.*, No. 9:17-CV-1089 (GTS/DEP), Dkt. No. 14 at 8-9 (N.D.N.Y. Aug. 14, 2018); *see* Compl. at 1, 29, 39.

As discussed *supra*, for the purposes of this review, the Complaint was "brought" on April 15, 2020.  *See id.* at 41.  At that time, Chavis was confined at Clinton C.F.  *See id.* Consequently, the claims of past harm at Marcy C.F. and at Clinton C.F. cannot support an imminent danger claim.  *See Abreu v. Travers*, No. 9:15-CV-0540 (MAD/ATB), 2015 WL 10741194, at *7 (N.D.N.Y. Sept. 14, 2015) (citing *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002)); *see Chavis v. Roth*, Dkt. No. 4 at 1-2 (refusing to consider actions that

---

[6] The Complaint contains allegations against several individuals who are not named as defendants or identified as defendants in the caption of the Complaint.  *See* Compl. at 16, 17, 21, 22, 27, 32, 35. Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").  "If people are not also named in the caption of the [ ] complaint, they will not be defendants in the case."  *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007); *Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at *1 n.1 (D. Conn. Mar. 17, 2006).  As discussed *supra*, plaintiff is a prolific litigator and is undeniably aware of the pleading requirements.  Accordingly, the Court will not consider claims or allegations against individuals who are not listed in the caption of the Complaint or in the list of parties.

7

occurred three years prior to the date that the complaint was filed, at a different facility, in the imminent danger analysis); *see also Nelson v. Chang*, No. 08-CV-1261, 2009 WL 367576, at *2 (E.D.N.Y. Feb. 10, 2009) (reasoning that claims that allegedly occurred three years prior to the filing of the complaint did not qualify for the imminent danger exception).

The claims relevant for the determination of "imminent danger" are those that allegedly arose at Clinton C.F. on or around April 15, 2020, involving the named defendants. *See Chavis*, 618 F.3d at 171.

### 1. Threats

Chavis alleges that he is "being forced to remain in ICP/MHU of OMH without any mental history or drug rehab history" and claims that he is "being threatened with psycho-medications and violence by OMH/MHU staff" including "prison officials intimately involved with prison medical staff - namely [defendant Nurse Holly] Khan, [defendant Nurse S.] Golovoch, and [defendant Nurse Practitioner Sue] Devlin-Varin."[7]  Compl. at 11, 29.

Chavis also claims that he is "under imminent danger" due to "repeated threats and harassment by the wicked dirty white supremacist defendant G. Durkin[.]" Compl. at 38 (internal quotation marks omitted). Chavis contends that Durkin came to his cell at Clinton C.F. on April 9, 2020 "in his violative attempt to start a hearing against me, that had already been commenced on 3-26-20 by a 'CHO.' " *Id*. at 38.

Chavis offers no facts or details related to these alleged threats, including when he was threatened, how often he is/was threatened, or the specific nature of the threats.  As such, these claims are entirely conclusory and too vague for the Court to assess whether

---

<sup>7</sup>    Plaintiff also includes "Mr. Simon" in his list of responsible officials.  *See* Compl. at 29.  Mr. Simon however, is not named as a defendant herein.

8

Chavis faced imminent danger when he filed his Complaint. *Chavis*, 618 F.3d at 170 ("A court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' ") (citation omitted); *Antrobus v. Dapecevic*, No. 17-CV-5840, 2018 WL 3242272, at *13 (S.D.N.Y. July 3, 2018) (finding non-specific allegations of threats to be insufficient to allege imminent danger). Without more specific factual allegations, these vague assertions do not provide the Court with any basis to infer that an imminent threat exists to plaintiff's health. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009) ("[U]nless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment.").

### 2. Deliberate Medical Indifference

Chavis also claims that defendant M. Rushford, the Deputy Superintendent of Medical Services at Clinton C.F., failed to "act" on "interdepartmental communication" that she received from the "Deputy of Administration" on February 24, 2020 related to plaintiff's "emergency medical problems since 2017[.]" Compl. at 8, 37.

This claim is similarly non-specific and insufficient to satisfy the "imminent danger" exception. Chavis does not describe his "emergency medical problems" or any physical injury and has not plead facts suggesting that Rushford deprived him of medical care. *Chavis v. Curlee*, No. 906-CV-0049 (LEK/GHL), 2008 WL 508694, at *8 (N.D.N.Y. Feb. 21, 2008) (holding that a prisoner cannot allege an imminent danger "due to his failure to provide such critical details[ ]" related to the deprivation of medical care).

Speculation that he may suffer from future harm does not establish that plaintiff was in

9

imminent danger of serious physical harm at the time he filed the Complaint. *See Chavis v. Skretny*, Dkt. No. 9 at 3 (concluding that "[p]laintiff's allegation that he was denied an 'immediate' medical appointment in November 2018 to surgically 'repair . . . a previous [surgical] injury' is insufficient to meet the [serious physical harm] standard.").

### 3. **Fourteenth Amendment - Due Process**

Chavis claims that, on March 26, 2020, defendant Commissioner Hearing Officer Bullis violated his Fourteenth Amendment right to due process during a Tier III disciplinary hearing related to false misbehavior report issued by Mr. J. Nephew on March 20, 2020.[8] Compl. at 32-33. Chavis claims that Bullis was biased, refused to call witnesses or present documents on plaintiff's behalf, and failed to provide plaintiff with an assistant. *Id*. at 33, 38.

While Chavis alleges that Bullis sentenced him to "forced cell placement in disciplinary E-Block," *see id*. at 34, the facts do not suggest that Chavis faced imminent danger because the Complaint lacks any allegations related to physical harm or injury related to Bullis. *See Bonano v. Costello*, No. 9:19-CV-0671 (GTS/CFH), 2019 WL 3081058, at *4 (N.D.N.Y. July 15, 2019) (finding no imminent danger related to false misbehavior reports and due process during disciplinary proceedings); *Pettus v. Steves*, No. 9:08-CV-0675 (LEK/GHL), 2009 WL 2156905, at *1 (N.D.N.Y. July 15, 2009) (finding no imminent danger from false misbehavior report, resulting in confinement in the Special Housing Unit where the plaintiff allegedly endured "torture, torment, starvation, humiliation, denial of medication, no rec, no showers, exposure to sewage, excessive noise, defective plumbing, shield placement, exposure to severely mentally ill prisoners, [and] deprivation of basic sanitation[.]").

---

[8]   Nephew is not named as a defendant herein. As discussed in footnote 4, *supra*, the Court will not consider any claims asserted against Nephew.

Construing the Complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), Chavis has failed to plead facts suggesting that "imminent danger" was present when he filed his Complaint – sufficient to place him within the exception provided by Section 1915(g). *See Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.") ).

In light of Chavis' pro se status, the Court will nonetheless give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger); *see also Carolina v. Rubino*, 644 Fed. App'x. 68, 73 (2d Cir. 2016) (summary order).

Chavis is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action. The amended complaint, which shall supersede and replace in its entirety the original Complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred dollars

11

($400.00) in full,[9] or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's IFP Application (Dkt. No. 4) is held in abeyance;

2. Within **thirty (30)** days of the date of this Decision and Order, plaintiff shall either (i) pay the Court's filing fee of four hundred dollars ($400.00) in full, or (ii) file an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action;

3. Upon plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review;

4. Plaintiff's motion for counsel (Dkt. No. 8) is held in abeyance; and

5. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: August 26, 2020
      Utica, New York.

_____
United States District Judge

---

[9] The $400.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00.