UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE CHAVIS,

                      Plaintiff,

v.

DEBORAH MCCULLOCH, Executive
Director, CNYPC, K. CHAUDRI,
Psychiatrist, S. GILLANI, Psychiatrist,
E. BELL, Superintendent; Clinton
Correctional Facility, J. WALDON,
Executive Staff Unit Chief; Clinton
Correctional Facility, J. MANOR, Male
Nurse; Clinton Correctional Facility,
A. TOUSIGNANT, Medical Staff
Supervisor; Clinton Correctional
Facility, MR. COLLINS, Psychiatrist;
Marcy Correctional Facility, WARREN,
Counselor; Marcy Correctional Facility,
MIKE, Civilian T.A. Security Ward-CNYPC,
JOHN DOE, Civilian T.A. Security
Ward-CNYPC, JACK BELL, Senior
Correction Counselor; Mary Correctional
Facility, S. MULVIHILL, Inmate Records
Coordinator; Marcy Correctional Facility,
J. DONAHUE, Deputy Superintendent of
Mental Health; Marcy Correctional Facility,
E. PFENDLER, IGRC/IG Supervisor; Marcy
Correctional Facility, PAUL LOONEY, OMH
Representative; Elmira Correctional Facility,
K. DIMBERG, OMH Representative; Clinton
Correctional Facility, G. ROBERTS, Clinton
Correctional Facility, A. BENWARE, Prison
Counselor; Clinton Correctional Facility,
SUE DEVLIN-VARIN, Nurse Practitioner;
Clinton Correctional Facility, HOLLY KHAN,
Nurse; Clinton Correctional Facility,
S. GOLOVOCH, Nurse; Clinton Correctional
Facility, A. MUSSEN, Counselor; Clinton
Correctional Facility, G. DURKIN, Clinton
Correctional Facility, BULIS, Commissioner

9:20-CV-0435
(DNH/CFH)

Hearing Officer, M. RUSHFORD, Medical Staff;
Clinton Correctional Facility, and T. ZERNIAK,
Deputy of Security; Clinton Correctional Facility,

                                            Defendant(s).

APPEARANCES:

GEORGE CHAVIS
91-A-3261
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

Presently under consideration is a motion for preliminary injunctive relief filed by pro se plaintiff George Chavis ("Chavis" or "plaintiff"). Dkt. No. 23.

### II. BACKGROUND

In April 2020, plaintiff commenced this action by filing a Complaint. Dkt. No. 1. Thereafter, on April 16, 2020, the Court issued an Order administratively closing Chavis' action due to plaintiff's failure to comply with the filing fee requirements. Dkt. No. 3 (the "April Order").

On May 27, 2020, Chavis filed an IFP Application, Dkt. No. 4, but failed to provide the Court with the authorization form issued by the Clerk's Office pursuant to the Local Rules of Practice of this District.

In a Decision and Order filed on June 18, 2020 (the "June Order"), the Court afforded

2

plaintiff one final opportunity to comply with the filing fee requirements for this action.  Dkt. No. 6.

On July 17, 2020, Chavis filed an Inmate Authorization Form.  Dkt. No. 7.

In a Decision and Order filed August 27, 2020 (the "August Order"), the Court noted that the three strikes rule set forth in Section 1915(g) has been enforced against plaintiff beginning in 2007.  Dkt. No. 11.  After a review of the Complaint, the Court found that plaintiff failed to plead facts suggesting that "imminent danger" was present when he filed his Complaint.  *Id*. at 11.

In light of Chavis' pro se status, he was advised that, to proceed with this action, he must, within 30 days of the August Order:  either (i) pay the statutory filing fee of four hundred dollars ($400.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.  *Id*. at 11-12. Plaintiff's IFP Application, Dkt. No. 4, was held in abeyance pending his compliance with the August Order.  *Id*. at 12.

On October 1, 2020, the Court granted plaintiff's request for an extension of time to comply with the August Order until November 2, 2020.  Dkt. No. 13.

On November 3, 2020, the Court granted plaintiff's second request for an extension of time to comply with the August Order until December 3, 2020.  Dkt. No. 15.

On January 4, 2021, the Court granted plaintiff's third request for an extension of time to comply with the August Order until February 4, 2021.  Dkt. No. 20.  Plaintiff was advised that the extension was "final" and "[n]o further extensions will be granted."  *Id*.

On February 17, 2021, the Court issued an Order dismissing the action, without prejudice, for failure to comply with the August Order and directed the Clerk to enter

3

judgment. Dkt. No. 21.

On February 17, 2021, judgment was entered. Dkt. No. 22.

## III. MOTION FOR PRELIMINARY INJUNCTION

### A. Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d at 35, 38 (2d Cir. 2010). To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405-06 (2d Cir. 2011).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d at 473. "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Amaker v. Fischer*, No. 10-CV-0977A, 2012 W L 8020777, at *2 (W.D.N.Y. Sept. 28, 2012).

4

B. **Plaintiff's Motion**

The motion before the Court was received for filing on March 8, 2021. Dkt. No. 23. Plaintiff is currently housed at Clinton Correctional Facility ("Clinton C.F.").

The motion for injunctive relief addresses incidents that occurred at Clinton C.F. beginning in January 2021. *See id.* at 4. Plaintiff claims that he is being retaliated against in violation of his constitutional rights by members of the Office of Mental Health, the Clinton C.F. Superintendent, and a Nurse Practitioner at Clinton C.F. Plaintiff claims, among other things, that he was unlawfully confined to an "OBS Isolation Cell" and denied access to the courts, his legal mail, medical care, prescription eyeglasses, and photo identification, in retaliation for filing the within action. *Id*. at 5-8. Plaintiff asks the Court to direct the defendants, and other individuals, to "cease" retaliating against him and to return his legal mail and personal property. *Id.* at 8-9. Plaintiff also seeks an order directing the defendants, and other individuals, to provide medical treatment and to transfer plaintiff to a "medium" facility. *Id*. at 9.

C. **Analysis**

As an initial matter, this action is closed as a result of plaintiff's repeated failure to comply with the August Order. Accordingly, plaintiff's motion for injunctive relief is not properly before this Court. Nevertheless, the Court has considered whether the motion affords any basis upon which the relief sought is warranted. Upon review, it does not. As discussed *supra*, plaintiff has failed to comply with the filing fee requirements. Without a

5

viable Complaint, plaintiff cannot "establish that he has a likelihood of success on the merits of his claims or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward" plaintiff.  *See Covino v. Petrissi*, 967 F.2d 73 (2d Cir. 1992).

In light of plaintiff's pro se status, the Court has also considered whether the allegations in plaintiff's submission justifies relief from the Judgment.  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment on a number of bases including mistake, excusable neglect, or any other reason justifying relief.

Plaintiff asserts that he was improperly relocated to an OBS Isolation cell from January 4, 2021 until February 20, 2021 and was unable to access the courts.  Dkt. No. 23 at 2.  Plaintiff claims that his conditions of confinement in the isolation cell violated his constitutional rights and that he was deprived of legal mail, writing utensils, paper, envelopes, and eyeglasses.  *Id*. at 2, 5-6.

In light of the allegations in the motion, and to avoid any potential miscarriage of justice, the Judgment entered on February 2021 is hereby vacated.  The Court will afford plaintiff a **final** opportunity to comply with the August Order.  Plaintiff is directed to respond to the August Order within thirty days of this Decision and Order.

## IV. CONCLUSION

Therefore, it is

ORDERED that

6

    1.  Plaintiff's motion for injunctive relief (Dkt. No. 23) is **DENIED**;

    2.  The Judgment of the Court entered on February 17, 2021 (Dkt. No. 22) is **VACATED**;

    3.  The Clerk of the Court is directed to reopen this action and restore it to this Court's docket;

    4.  Plaintiff shall respond to the August Order within thirty days; and

    5.  The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: April 7, 2021
       Utica, New York.